1  M. CANDICE BRYNER, State Bar No. 192462
   TUMY N. NGUYEN, State Bar No. 192268
2  LAW OFFICES OF M. CANDICE BRYNER
   900 Roosevelt
3  Irvine, CA 92620
   (949) 371-9056 – Tel.
4  (949) 679-2492 – Fax
   candice@brynerlaw.com
5
   Attorney for Defendant Roy M. Cox, Jr.
6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,        | CASE NO.  SACV11-1910-DOC-JPR

12 |            Plaintiff,             | **DEFENDANT ROY M. COX, JR.'S**

13 |        v.                         | **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

14 | ROY M. COX, JR., individually and

15 | as an officer, director, or owner of
   | CASTLE ROCK CAPITAL              | **DEMAND FOR JURY TRIAL**

16 | MANAGEMENT, INC., CASTLE
   | ROCK CAPITAL MANAGEMENT,

17 | S.A., CAPITAL SOLUTIONS
   | GROUP, S.A., TRANSFERS

18 | ARGENTINA, S.A., PUBLIC
   | SERVICE, MARKETING

19 | STRATEEGY GROUP, and
   | CASTLE ROCK CAPTIAL

20 | MANAGEMENT, S.A., a foreign
   | corporation, TRANSFERS

21 | ARGENTINA, S.A., a foreign
   | corporation, PUBLIC SERVICE, a

22 | foreign corporation, and
   | MARKETING STRATEGY

23 | GROUP, a foreign corporation,

24 |            Defendants.

25

26

27

28

LAW OFFICES OF
M. CANDICE BRYNER
A PROFESSIONAL
CORPORATION

**DEFENDANT ROY M. COX, JR.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

# ANSWER TO COMPLAINT

Defendant Roy M. Cox, Jr. ("Cox") answering for himself and for no other defendant, hereby answers the Complaint as follows:

1.     Cox admits the allegation in paragraph 1 that Plaintiff filed this action alleging certain causes of action. The remainder of allegations of this paragraph are legal conclusions to which no response is required. To the extent answer is deemed necessary, Cox denies the remaining allegations.

## JURISDICTION AND VENUE

2.     Cox admits the allegations in paragraph 2 of the Complaint.

3.     Cox admits the allegations in paragraph 3 of the Complaint.

## PLAINTIFF

4.     The allegations in paragraph 4 are descriptions of the FTC's purported authority and are legal conclusions to which no response is required.

## DEFENDANTS

5.     The allegations in paragraph 5 are directed to Defendant Castle Rock Capital Management, Inc. and do not pertain to Cox. Consequently, no response is required.

6.     The allegations in paragraph 6 are directed to Defendant Castle Rock Capital Management, S.A. and do not pertain to Cox. Consequently, no response is required.

7.     The allegations in paragraph 75 are directed to Defendant Capital Solutions Group, S.A., and do not pertain to Cox. Consequently, no response is required

8.     The allegations in paragraph 8 are directed to Defendant Transfers Argentina, S.A. and do not pertain to Cox. Consequently, no response is required.

9.     The allegations in paragraph 9 are directed to Defendant Public Service and do not pertain to Cox.  Consequently, no response is required

10.     The allegations in paragraph 10 are directed to Defendant Marketing Strategy Group and do not pertain to Cox.  Consequently, no response is required.

11.     Cox admits the allegation in paragraph 11 that he is an individual residing in Santa Ana, California, which is located in this District.  The allegation that "Cox has had the authority and responsibility to prevent or correct unlawful telemarketing practices" is a legal conclusion for which no response is required.  In the event a response is deemed necessary, Cox denies this allegation.  Cox denies the remaining allegations in paragraph 11.

12.     Cox lacks sufficient information knowledge to admit or deny the allegations in paragraph 12 regarding the Corporate Defendants and therefore, denies them.  Cox denies the remaining allegations in paragraph 12 and demands strict proof thereof.

13.     Paragraph 13 alleges legal conclusions to which no response is required.

**THE TELEMARKETING SALES RULE**

14.     The allegations of paragraph 14 purport to state the law.  Cox denies Plaintiff's interpretation of the law and denies that he violated the law.

15.     The allegations of paragraph 15 purport to state the law. Cox denies Plaintiff's interpretation of the law and denies that he violated the law.

16.     The allegations of paragraph 16 purport to state the law. Cox denies Plaintiff's interpretation of the law and denies that he violated the law.

17.     The allegations of paragraph 17 purport to state the law. Cox denies Plaintiff's interpretation of the law and denies that he violated the law.

18.     The allegations of paragraph 18 purport to state the law.  Cox denies Plaintiff's interpretation of the law and denies that he violated the law.

19.     The allegations of paragraph 19 purport to state the law.  Cox denies

LAW OFFICES OF
M. CANDICE BRYNER
A PROFESSIONAL
CORPORATION

DEFENDANT ROY M. COX, JR.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

1  Plaintiff's interpretation of the law and denies that he violated the law.

2       20.    The allegations of paragraph 20 purport to state the law.  Cox denies

3  Plaintiff's interpretation of the law and denies that he violated the law.

4       21.    The allegations of paragraph 21 purport to state the law.  Cox denies

5  Plaintiff's interpretation of the law and denies that he violated the law.

6       22.    The allegations of paragraph 22 purport to state the law.  Cox denies

7  Plaintiff's interpretation of the law and denies that he violated the law.

8       23.    The allegations of paragraph 23 purport to state the law.  Cox denies

9  Plaintiff's interpretation of the law and denies that he violated the law.

10       24.    The allegations of paragraph 24 purport to state the law.  Cox denies

11  Plaintiff's interpretation of the law and denies that he violated the law.

12       25.    The allegations of paragraph 25 purport to state the law.  Cox denies

13  Plaintiff's interpretation of the law and denies that he violated the law.

14  ## DEFENDANTS' ALLEGED BUSINESS ACTIVITIES

15  ### Defendants' Alleged Abusive Telemarketing Activities

16       26.    Paragraph 26 pleads a conclusion of law which, in the context of this

17  Complaint, fails to give Cox notice of any of the alleged acts on his part which

18  supposedly renders him a "telemarketer" engaging in "telemarketing" activities.

19  Because the Complaint as a whole and this paragraph in particular are ambiguous

20  and devoid of facts, Cox is unable to respond to this paragraph with specific

21  admissions or denials.  Therefore, Cox denies all the allegations in paragraph 26 as

22  they pertain to him.  Cox is without sufficient information or knowledge to admit

23  or deny the allegations as they pertain to the Corporate Defendants, and therefore

24  denies such allegations.

25       27.    Cox denies all the allegations in paragraph 27 as they pertain to him

26  and demands strict proof thereof.  Cox is without sufficient information or

27  knowledge to admit or deny the allegations as they pertain to the Corporate

28  Defendants, and therefore denies such allegations.

1    28.    Cox denies all the allegations in paragraph 28 as they pertain to him

2  and demands strict proof thereof.  Cox is without sufficient information or

3  knowledge to admit or deny the allegations as they pertain to the Corporate

4  Defendants, and therefore denies such allegations.

5    29.    Cox denies all the allegations in paragraph 29 as they pertain to him

6  and demands strict proof thereof.  Cox is without sufficient information or

7  knowledge to admit or deny the allegations as they pertain to the Corporate

8  Defendants, and therefore denies such allegations.

9    30.    Cox denies all the allegations in paragraph 30 as they pertain to him

10  and demands strict proof thereof.  Cox is without sufficient information or

11  knowledge to admit or deny the allegations as they pertain to the Corporate

12  Defendants, and therefore denies such allegations.

13    31.    Cox denies all the allegations in paragraph 31 as they pertain to him

14  and demands strict proof thereof.  Cox is without sufficient information or

15  knowledge to admit or deny the allegations as they pertain to the Corporate

16  Defendants, and therefore denies such allegations.

17    32.    Cox denies all the allegations in paragraph 32 as they pertain to him

18  and demands strict proof thereof.  Cox is without sufficient information or

19  knowledge to admit or deny the allegations as they pertain to the Corporate

20  Defendants, and therefore denies such allegations.

21

22    **Allegedly Assisting and Facilitating Telemarketing Practices**

23    33.    Paragraph 33 alleges a conclusion of law, which fails to give Cox

24  notice of any of the alleged acts on his part which constitute "substantial assistance

25  or support to clients."  Further, insofar as paragraph 33 asserts legal conclusions,

26  no response is required.  To the extent a response is required, Cox denies such

27  allegations as they pertain to him and demands strict proof thereof. Cox is without

28  sufficient information or knowledge to admit or deny the allegations as they

1  pertain to the Corporate Defendants, and therefore denies such allegations.

2  ## ALLEGED VIOLATIONS OF THE TELEMARKETING SALES RULE

3  ### Count I (Alleged Violations of the Do Not Call Registry)

4      34.    Cox denies all the allegations in paragraph 34 as they pertain to him

5  and demands strict proof thereof.  Cox is without sufficient information or

6  knowledge to admit or deny the allegations as they pertain to the Corporate

7  Defendants, and therefore denies such allegations.

8  ### Count II (Alleged Failure to Transmit Caller ID)

9      35.    Cox denies all the allegations in paragraph 35 as they pertain to him

10  and demands strict proof thereof.  Cox is without sufficient information or

11  knowledge to admit or deny the allegations as they pertain to the Corporate

12  Defendants, and therefore denies such allegations.

13  ### Count III (Alleged Initiation of Unlawful Prerecorded Messages)

14      36.    Cox denies all the allegations in paragraph 36 as they pertain to him

15  and demands strict proof thereof.  Cox is without sufficient information or

16  knowledge to admit or deny the allegations as they pertain to the Corporate

17  Defendants, and therefore denies such allegations.

18      37.    Insofar as paragraph 37 asserts legal conclusions, no response is

19  required.  To the extent a response is required, Cox denies such allegations as they

20  pertain to him and demands strict proof thereof. Cox is without sufficient

21  information or knowledge to admit or deny the allegations as they pertain to the

22  Corporate Defendants, and therefore denies such allegations.

23  ### Count IV (Alleged Assisting and Facilitating

24  ### Abusive Telemarketing Acts or Practices)

25      38.    Paragraph 38 alleges a conclusion of law, which fails to give Cox

26  notice of any of the alleged acts on his part which constitute "substantial assistance

27  or support."  Further, insofar as paragraph 38 asserts legal conclusions, no response

28  is required.  To the extent a response is required, Cox denies such allegations as

they pertain to him and demands strict proof thereof. Cox is without sufficient information or knowledge to admit or deny the allegations as they pertain to the Corporate Defendants, and therefore denies such allegations.

39. Paragraph 39 alleges a conclusion of law, which fails to give Cox notice of any of the alleged acts on his part which constitute "substantial assistance or support." Further, insofar as paragraph 39 asserts legal conclusions, no response is required. To the extent a response is required, Cox denies such allegations as they pertain to him and demands strict proof thereof. Cox is without sufficient information or knowledge to admit or deny the allegations as they pertain to the Corporate Defendants, and therefore denies such allegations.

## ALLEGED CONSUMER INJURY

40. Cox denies all the allegations in paragraph 40 as they pertain to him and demands strict proof thereof. Cox is without sufficient information or knowledge to admit or deny the allegations as they pertain to the Corporate Defendants, and therefore denies such allegations.

41. Paragraph 41 alleges legal conclusions to which no response is required.

42. Paragraph 42 alleges legal conclusions to which no response is required. To the extent a response is required, Cox denies such allegations as they pertain to him and demands strict proof thereof. Cox is without sufficient information or knowledge to admit or deny the allegations as they pertain to the Corporate Defendants, and therefore denies such allegations.

43. Paragraph 43 alleges legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint fails to state a claim upon which relief may be granted

1  for alleged deceptive or misleading acts or practice, as Plaintiff agency has failed

2  to plead with particularity required by Rule 9, Fed.R. Civ. Pr.

3      3.    Some or all matters alleged by the Complaint to have been unlawful

4  occurred outside and beyond the applicable statute(s) of limitations, including but

5  not limited to 15 U.S.C. § 57b(d).

6      4.    Some or all of the matters alleged by the Complaint to have been

7  unlawful involved conduct by third parties which was not authorized by, controlled

8  by, nor known by this answering defendant.

9      5.    To the extent that Plaintiff agency seeks monetary damages on behalf

10  of any alleged class of victims, it has failed to comply with the procedures for a

11  class claim and thereby denies Defendant the due process guaranteed by such

12  procedures.

13      6.    Plaintiff's Complaint conflates, without distinction, lawful conduct

14  involving rights of free speech and association protected by the First Amendment

15  to the United States Constitution with unlawful conduct.  The threat of suit under

16  the vague regulatory standards asserterd by Plaintiff in the Complaint (such as

17  "facilitating and assisting" alleged improper telemarketing) in and of itself

18  constitutes an unlawful prior restraint of such First Amendment rights.

19      7.    The threatened imposition of liability on Defendant under the vague

20  standard that he allegedly "consciously avoided knowing" what a client, seller or

21  telemarketer may be doing makes Defendant an involuntary agent of the

22  Government, imposing a duty to investigate and to inquire such as to render

23  Defendant an instrument for intrusion into constitutionally protected rights of

24  speech and association.  On its face and as applied, this standard is unconstitutional

25  in the context of restraints on speech.

26      8.    The injunctive relief requested by Plaintiff for vague and undefined

27  "assisting and facilitating" conduct and for an equally vague and undefined

28  "consciously avoiding knowing" mental state denies Defendant substantive and

1  procedural due process and would constitute a prior restraint of rights guaranteed

2  by the First Amendment to the United States Constitution.

3        9.    The Plaintiff has failed to promulgate standards or definitions that

4  permit a reasonable person (1) to distinguish lawful from allegedly unlawful

5  "facilitating or assisting" or prohibited telemarketing campaigns, or (2) to

6  determine what level of inquiry is required to avoid liability under the Plaintiff's

7  "consciously avoided knowing" standard of culpability.  The extent that Plaintiff

8  asserts a right to define the targeted conduct or state of mind on a case-by-case

9  basis, it is engaging in retroactive rule-making in violation of the Administrative

10  Procedures Act.

11        10.   Any telephone calls which were allegedly made or facilitated by

12  Defendant were exempt from the "Do Not Call" provision of the Federal Trade

13  Commission's Telephone Sales Rule.

14        11.   This answering Defendant objects that the Complaint conflates lawful

15  with unlawful telemarketing activity and implies that material regulatory and

16  statutory changes may and should be applied retroactively.  Any such ex post facto

17  application of a material regulatory or statutory change denies this answering

18  Defendant procedural and substantive due process.

19                          **PRAYER FOR RELIEF**

20        WHEREFORE, Roy M. Cox, Jr. prays as follows:

21        1.    That Plaintiff take nothing by reason of its complaint;

22        2.    That judgment be rendered in favor of Roy M. Cox, Jr.

23  //

24  //

25  //

26  //

27  //

28  //

1          3.      That Roy M. Cox, Jr. be awarded his costs of suit and attorney's fees

2     incurred in defense of this action; and

3          4.      For such other relief as the Court deems necessary and proper.

4

5                                           LAW OFFICES OF M. CANDICE BRYNER APC

6

7

8     DATED:  March 21, 2012              M. CANDICE BRYNER

9                                          Attorney for Defendant Roy M. Cox, Jr.

10

11                    **<u>DEMAND FOR A JURY TRIAL</u>**

12

13         Defendant demands a trial by jury on all causes of action so triable.

14

15    DATED:  March 21, 2012              M. CANDICE BRYNER

16                                          Attorney for Defendant Roy M. Cox, Jr.

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

1

2      I am employed in the County of Orange, State of California. I am an active member of the State Bar of California and not a party to the within action; my
3      business address is 900 Roosevelt, Irvine, CA 92620.

4      On March 21, 2012, I served the foregoing document(s), described as follows:

5

6      **DEFENDANT ROY M. COX, JR'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

7

8      on the interested parties as follows:

       U.S. DEPARTMENT OF JUSTICE
9      CONSUMER PROTECTION BRANCH
       Tony West, Assistant Attorney General
10     Maame Ewusi-Mensah Frimpong, Deputy Asst. Gen.
       Michael S. Blume, Director
11     Kenneth L. Jost, Esq.
       Carol L. Wallack, Esq.
12     Matthew S. Ebert, Esq.
       P.O. Box 386
13     Washington, DC 20044

14  (X)   **BY MAIL.**   I placed the document(s) in sealed envelope(s) addressed according to the address(es) listed above and caused such envelope(s) to be
15     deposited in the mail at Irvine, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's
16     practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of
17     business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
       after date of deposit for mailing in affidavit.
18

19     I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

20     Executed on March 21, 2012, at Irvine, California.

21

22                                           **M. CANDICE BRYNER**

23

24

25

26

27

28