TONY WEST
Assistant Attorney General
STUART F. DELERY
Acting Associate Attorney General
MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General
MICHAEL S. BLUME, Director
ROGER J. GURAL, Trial Attorney
Roger.Gural@usdoj.gov
Attorneys for Plaintiff
the United States of America
Consumer Protection Branch
Civil Division
U.S. Department of Justice
    P.O. Box 386
    Washington, D.C. 20044
    (202) 307-0174 (phone)
    (202) 514-8742 (fax)

CANDICE BRYNER, State Bar No. 192462
Candice@brynerlaw.com
Attorney for Defendant Roy M. Cox, Jr.
LAW OFFICES OF M. CANDICE BRYNER
A PROFESSIONAL CORPORATION
2102 Business Center Drive, Suite 149
Irvine, California 92612
Telephone: (949) 253-4615
Fax: (949) 253-4619

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROY M. COX, JR., et al.,<br><br>    Defendants. | Case No. SA CV 11-1910-DOC (JPRx)<br><br>**STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION** |

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), has commenced this action by filing the complaint against Defendants Roy M. Cox, Jr., Castle Rock Capital Management, Inc., Castle Rock Capital Management, S.A., Capital Solutions Group, S.A., Transfers Argentina, S.A., Public Service, and Marketing Strategy Group ("Defendants"). Defendant Roy M. Cox, Jr. ("Individual Defendant") has been served with the summons and the complaint. Plaintiff and Individual Defendant, represented by the attorney whose name appears hereafter, have agreed to settle this action without trial or adjudication of any issue of law or fact herein.

THEREFORE, on the joint motion of the parties, it is ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345 and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a).

2. Venue is proper as to all parties in this District.

3. The alleged activities of Individual Defendant are "in or affecting commerce," as defined in Section 4 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 44.

4. The complaint states a claim upon which relief may be granted against Individual Defendant under Sections 5(a), 5(m)(1)(A), and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), and 53(b).

5. Individual Defendant has entered into this Stipulated Judgment and Order for Permanent Injunction ("Order") freely and without coercion. Individual Defendant further acknowledges that he has read the provisions of this Order and is prepared to abide by them.

6. Individual Defendant agrees to entry of this Order. Individual

Defendant does not admit or deny the allegations set forth in this Complaint, except for admitting the jurisdictional facts and as otherwise specifically stated in this Order.

7. Individual Defendant waives: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that he may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorneys' fees that may arise under said provision of law. Plaintiff and Individual Defendant shall each bear their own costs and attorney's fees incurred in this action.

8. Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. "Assisting others," includes, but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; or (6) providing telemarketing services.

3. "Corporate Defendants" means Castle Rock Capital Management,

1 Inc.; Castle Rock Capital Management, S.A.; Capital Solutions Group, S.A.;
2 Transfers Argentina, S.A., Public Service; and Marketing Strategy Group, and their
3 successors and assigns, as well as any subsidiaries and any fictitious business
4 entities or business names created or used by these entities, or any of them.
5     4.    "Defendants" means Individual Defendant and all of the Corporate
6 Defendants, individually, collectively, or in any combination.
7     5.    "Document" or "Documents" means any materials listed in Federal
8 Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts,
9 photographs, audio and video recordings, computer records, and other data
10 compilations from which information can be obtained and translated, if necessary,
11 into reasonably usable form through detection devices. A draft or nonidentical
12 copy is a separate Document within the meaning of the term.
13     6.    "Individual Defendant" means Roy M. Cox, Jr. and by whatever other
14 names he may be known.
15     7.    "Person" means a natural person, an organization or other legal entity,
16 including a corporation, partnership, sole proprietorship, limited liability company,
17 association, cooperative, or any other group or combination acting as an entity.
18     8.    "Plaintiff" means the United States of America.
19     9.    "Telemarketing" means a plan, program, or campaign (whether or not
20 covered by the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, that is
21 conducted to induce the purchase of goods or services, or a charitable contribution,
22 by use of one or more telephones.

## I.

## PERMANENT BAN ON TELEMARKETING

25 IT IS THEREFORE ORDERED that Individual Defendant, whether acting directly
26 or through any person, trust, corporation, partnership, limited liability company,
27 subsidiary, division, or other device, or any of them, is hereby permanently
28 restrained and enjoined from telemarketing, or assisting others engaged in

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

telemarketing.

## II.

## CIVIL PENALTY

IT IS THEREFORE ORDERED that:

A. Judgment in the amount of $1,125,741.00 is hereby entered against Individual Defendant as a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), provided, however, that payment of the foregoing civil penalty is suspended subject to the conditions set forth in Subsection B of this Section.

B. Plaintiff's and the Commission's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendant's representations regarding his financial condition, as set forth in his sworn financial statement dated March 20, 2012, and supporting documents submitted to Plaintiff, which include material information upon which Plaintiff and the Commission relied in negotiating and agreeing to the terms of this Order. If, upon motion by Plaintiff, this Court finds that Individual Defendant's financial statements and related documents failed to disclose any material asset or materially misstated the value of any asset, or made any other material misstatement or omission, the Court shall lift the suspension of the judgment and require immediate payment of the civil penalty in the full amount of the judgment ($1,125,741.00). Provided, however, that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court. Proceedings instituted under this Paragraph are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings Plaintiff or the Commission may initiate to enforce this Order.

C. Individual Defendant relinquishes all dominion, control, and title to any funds paid to the fullest extent permitted by law. Individual Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through

counsel or otherwise.

D. Individual Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of Plaintiff or the Commission to enforce their rights to any payment or money judgment pursuant to this Order. Notwithstanding anything to the contrary in this Order, the Individual Defendant expressly retains the right and ability to contest all or any of the facts alleged in the Complaint filed in this action in any proceeding to which the Plantiff or Commission is not a party.

E. Individual Defendant agrees that the judgment represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, as to Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

F. In accordance with 31 U.S.C. § 7701, Individual Defendant is hereby required, unless he already has done so, to furnish to Plaintiff and the Commission his taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for the purpose of collecting and reporting on any delinquent amount arising out of Individual Defendant's relationship with the government.

## III.

## COOPERATION WITH PLAINTIFF AND COMMISSION COUNSEL

IT IS FURTHER ORDERED that Individual Defendant shall, in connection with this action or any subsequent investigations related to, or associated with, the transactions or the occurrences that are the subject of the Complaint, cooperate in good faith with Plaintiff or the Commission and appear at such places and times as Plaintiff or the Commission shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by Plaintiff or the Commission. If requested in writing by Plaintiff or the Commission, Individual Defendant shall

6

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## IV.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Individual Defendant obtain acknowledgments of receipt of this Order:

A. Individual Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Individual Defendant delivered a copy of this Order, Individual Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Individual Defendant makes timely submissions to the Commission:

A. One year after entry of this Order, Individual Defendant must submit a compliance report, sworn under penalty of perjury. Individual Defendant must:

7

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

(a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest; (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership; (d) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Individual Defendant; (e) identify all of Individual Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (f) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant must describe if they know or should know due to their own involvement); (g) describe in detail whether and how Individual Defendant is in compliance with each Section of this Order; and (h) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

     B.    For 20 years following entry of this Order, Individual Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) name, including aliases or fictitious name, or residence address; (b) title or role in any business activity, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Individual Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any; (c) any designated point of contact; or (d) the structure of any entity that Individual Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation,

8

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    C.    Individual Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Individual Defendant within 14 days of its filing.

    D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Roy M. Cox, Jr. (X120007).

## VI.
## RECORDKEEPING

IT IS FURTHER ORDERED that Individual Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Individual Defendant for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must maintain the following records:

    A.    Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

    B.    Personnel records showing, for each person providing services,

whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

  C. Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

  D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

  E. A copy of each advertisement or other marketing material.

## VII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Individual Defendant's compliance with this Order, including the financial representations upon which the civil penalty was suspended:

  A. Within 14 days of receipt of a written request from a representative of the Commission, Individual Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, Plaintiff and the Commission are authorized to communicate directly with Individual Defendant. Individual Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Individual Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. Plaintiff and the Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Individual Defendant or any individual or entity affiliated

with Individual Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII.
## SEVERABILITY

IT IS FURTHER ORDERED that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## IX.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED, this  31st  day of  January, 2013  x~~2012~~.

HON. DAVID O. CARTER
United States District Court Judge

STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

SO STIPULATED AND AGREED:

| FOR INDIVIDUAL DEFENDANT: | FOR PLAINTIFF: |
|---|---|
| DATED: July 12, 2012 | DATED: July 11, 2012 |

Roy M. Cox, Jr.

M. Candice Bryner
Law Offices of M. Candice Bryner,
A Professional Corporation
2102 Business Center Drive
Suite 149
Irvine, California 92612
Telephone: (949) 253-4615
Fax: (949) 253-4619
Candice@brynerlaw.com

Attorney for Defendant Roy M. Cox, Jr.

ROGER J. GURAL
United States Department of Justice
Consumer Protection Branch
450 Fifth Street, N.W.
Suite 6400S
Washington, D.C. 20001
(202) 307-0174 (phone)
(202) 514-8742 (fax)
Roger.Gural@usdoj.gov

Attorney for Plaintiff
United States of America

FOR FEDERAL TRADE COMMISSION:

DATED: January 14, 2013

_____
JAMES H. DAVIS
MATTHEW H. WERNZ
Federal Trade Commission
Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 (phone)
(312) 960-5600 (fax)
Attorneys for Federal Trade Commission

**STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**